### MARY KUKURAITIS *vs.* AMERICAN CAN COMPANY OF MASSACHUSETTS.

Suffolk.      May 18, 1922. — June 28, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Employer's liability.

At the trial of an action for personal injuries by a woman against her employer, the proprietor of a factory and not a subscriber under the provisions of the workmen's compensation act, there was evidence tending to show that the plaintiff was struck by a wooden box which fell from the hands of a foreman of the defendant while he was moving it from a pile of boxes near the plaintiff; that the boxes were about three feet long and two feet wide and deep, and "were piled against the wall;" that they "were piled starting with one box, then another, and then another, and that they were piled up higher and higher to a distance of twelve feet in height; that the boxes extended from the wall so that the first box was about five feet away from where the witness was working;" that when the box fell from the foreman's hands "he was climbing upon the boxes . . . [and] was taking boxes from the top and throwing them down;" that the plaintiff "saw a box falling from his hands" when he was on "the third box up" and was "taking boxes from the top of the pile." The jury viewed the premises and saw the boxes against the wall as they were piled at the time of the accident. *Held,* that, while the question was a close one, it could not be said that as matter of law there was no evidence of negligence to submit to the jury.

TORT for personal injuries received by the plaintiff while in the employ of the defendant, not a subscriber under the provisions of the workmen's compensation act, and alleged to have been caused by negligence of the defendant, its servants, agents or employees in "the improper, careless and negligent manner in which the defendant handled and controlled certain boxes

used by the defendant in its business." Writ dated November 27, 1918.

In the Superior Court, the action was tried before *Dubuque*, J. Material evidence is described in the opinion. The record states: "The jury viewed the premises and saw the boxes against the wall, in the position in which they were testified to have been upon the day of the accident." A motion by the defendant that a verdict be ordered in its favor was denied. There was a verdict for the plaintiff in the sum of $800; and the defendant alleged exceptions.

The case was submitted on briefs.

*Asa P. French & J. W. French*, for the defendant.

*W. B. Keenan*, for the plaintiff.

CARROLL, J. The plaintiff, an employee of the defendant, was struck and injured by a wooden box which fell from the hands of the foreman while he was moving it from a pile of boxes close to the place where the plaintiff was working. The defendant was not insured under the workmen's compensation act. At the close of the evidence the defendant moved for a directed verdict; this motion was overruled and the jury found for the plaintiff. The defendant not being insured under the workmen's compensation act, it was not a defence to the action that the employee was negligent, that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of injury. G. L. c. 152, § 66. St. 1911, c. 751, Part I, § 1. The only question involved in this case is, was there any evidence of the defendant's negligence for the consideration of the jury.

The plaintiff testified that the wooden boxes, about three feet long, two feet wide and deep, "were piled against the wall;" that "the boxes were piled starting with one box, then another, and then another, and that they were piled up higher and higher to a distance of twelve feet in height; that the boxes extended from the wall so that the first box was about five feet away from where the witness was working;" that when the box fell from the foreman's hands "he was climbing upon the boxes . . . [and] was taking boxes from the top and throwing them down;" that she "saw a box falling from his hands" when he was on "the third box up" and was "taking boxes from the top of the pile."

The jury viewed the premises and saw the boxes against the wall as they were piled at the time of the accident.

The evidence of the defendant's negligence is very slight. But we cannot say that as matter of law there was no evidence of negligence to submit to the jury. The jury saw the way in which the boxes were arranged, and they could find that it was a negligent act for a person to climb on these boxes or to stand on the third box from the floor and attempt to take one of them from the top of the pile and throw it to the floor when only a few feet from the plaintiff; and that because of this negligence of the foreman the plaintiff was injured. In our opinion the case was for the jury.

*Exceptions overruled.*